UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 25-3385 (AHA) |

## **DEFENDANT'S MOTION TO STRIKE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), Defendants Department of Homeland Security ("Homeland Security") and Department of Justice ("the Department"), by and through undersigned counsel, respectfully move to strike in whole, or in part, the Complaint (ECF No. 1) in this action as it contains allegations that are immaterial to any claim for relief under FOIA. Specifically, and as addressed more fully below, the Complaint contains a "Background" section entitled "DHS Secretary Kristi Noem characterizes CNN reporting as 'illegal' and asserts that the DOJ should prosecute the network," followed by three paragraphs (paragraphs 10-12) that are immaterial to pleading a claim under FOIA.  Because motions to strike under Rule 12(f) are filed prior to responding to the offending pleading, this motion is filed in lieu of an answer.

## BACKGROUND

On July 2, 2025, Plaintiff "submitted a FOIA request to DHS seeking: All emails sent or received by Secretary Kristi Noem between June 29, 2025, and the present that contain the terms 'CNN' and 'ICEBlock.'" Compl. (ECF No. 1) ¶ 13, Pl.'s Ex. 1 (ECF No. 1-1). On that same day, Plaintiff "also submitted a FOIA request to DOJ seeking 'All emails sent or received by Attorney

General Pam Bondi between June 29, 2025, and the present that contain the terms 'CNN' and 'ICEBlock.'" Compl. (ECF No. 1) ¶ 15. Both the Department and Homeland Security acknowledged Plaintiff's requests on July 7, 2025. *See* Pl.'s Ex. 2 (ECF No. 1-2), Pl.'s Ex. 3 (ECF No. 1-3).

## LEGAL STANDARD

"A court may strike "any redundant, immaterial, impertinent or scandalous matter." *D.C. Int'l Charter Sch. v. Lemus*, 660 F. Supp. 3d 1, 19 (D.D.C. 2023) (citing Fed. R. Civ. P. 12(f)). Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan v. Dep't of Homeland Sec.*, 22-cv-2480 (TJK), 2023 WL 6215359, at *9 (D.D.C. Sept. 25, 2023). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

## ARGUMENT

"[A] typical [FOIA] complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025). However, in this case, Plaintiff alleges immaterial or impertinent facts unrelated to these two Defendants' handling of its FOIA requests. *See* Compl. (ECF No. 1) ¶ 10 (allegations regarding a June 30, 2025 report by CNN), ¶ 11 (allegations regarding the

Administration's response to the CNN report), ¶ 12 (allegations of statements by Kristi Noem, Secretary of the Department of Homeland Security). None of these paragraphs have any bearing on the Plaintiffs' requests for email communications. Each of these paragraphs are merely editorialized news statements. They thus are immaterial to pleading a claim under FOIA and also improperly and irrelevantly speak to Plaintiff's motive for filing the requests. *See Montgomery v. Internal Revenue Serv.*, 292 F. Supp. 3d 391, 396 (D.D.C. 2018) ("a requester's motive is irrelevant to the ultimate inquiry in a FOIA case: whether the agency properly withheld records."); *Vazquez v. Dep't of Just.*, 887 F. Supp. 2d 114, 118 (D.D.C. 2012) (a plaintiff's "personal reasons for wanting the requested records . . . are irrelevant . . . [and] immaterial to the FOIA analysis."). Furthermore, FOIA complaints are not press releases on behalf of advocacy organizations, and it prejudices the defendant to have to respond to allegations that are immaterial. "Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense. More specifically, immaterial allegations are those unnecessary to establish the pleader's position in the case, or those which, if established at trial, would not entitle the pleader to, or aid her to obtain, the relief demanded." *Williams v. Chu*, Civ. A. No. 07-901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) (cleaned up). The material included in paragraphs 10-12 of the Complaint is irrelevant to any pleaded claim for relief rendering it immaterial within the meaning of Rule 12(f). Hence, the Court should grant the motion to strike and require that Plaintiff file an amended complaint without the improper allegations. The way in which Plaintiff selectively quotes CNN improperly gives the impression that the Department of Justice was conducting any investigation. To the extent that the purpose of Plaintiff's request is to ascertain whether the Department of Justice is conducting an investigation, that request is improper. As the court

understands, the Department of Justice would never address the existence of an investigation that the Department has not officially acknowledged, whether through a FOIA response or otherwise.

By email dated December 18, 2025, and pursuant to Local Rule 7(m), undersigned counsel for Defendants contacted Plaintiff's counsel to seek Plaintiff's position on the relief requested in this motion. In that email, attempting to resolve the issue without burdening the Court, counsel also requested that Plaintiff voluntarily file an amended complaint with paragraphs 10 to 12 omitted. By return email, counsel for Plaintiff advised that Plaintiff opposes the motion. Counsel for Defendants understands Plaintiff's response as also rejecting the request to amend the complaint to remove those paragraphs.

## CONCLUSION

For the above reasons, the Court should strike the immaterial or impertinent allegations of the Complaint, and order Plaintiff to re-file in accordance with the requirements of Rule 8.

Dated: December 19, 2025

Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

SEAN GLENDENING
Director, Office of Information Policy

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ Derrick A. Petit* _____
    Derrick A. Petit, D.C. Bar 144466
    John C. Truong, D.C. Bar 465901
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7269
    Derrick.Petit@usdoj.gov
    John.Truong@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM OF THE PRESS FOUNDATION,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendants.

Civil Action No. 25-3385 (AHA)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to strike Paragraphs 10-12 of Complaint, Plaintiff's response thereto, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Plaintiff's Paragraphs 10 through 12 of Complaint are stricken under Federal Rule of Civil Procedure 12(f), and it is further

ORDERED that if it wishes to continue this litigation, Plaintiff shall re-file within 30 days of this Order a Complaint in accordance with the requirements of Rule 8 and without immaterial or impertinent allegations.

SO ORDERED:

_____
Date

_____
AMIR H. ALI
United States District Judge