UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Freedom of the Press Foundation**,

           Plaintiff,

v.

**United States Department of Homeland Security**, *et al.*,

           Defendants.

Case No. 1:25-cv-3385 (AHA)

### Plaintiff's Opposition to Defendants' Motion to Strike Complaint

Defendants have moved to strike all or part of the Complaint on the ground that three background paragraphs are "immaterial" to this Freedom of Information Act ("FOIA") case and that it would somehow "prejudice[]" Defendants to have to respond to them.

Defendants are wrong on both fronts. Their motion is a transparent attempt to delay these proceedings and their own compliance with the FOIA. Because the motion is not warranted by the facts or law, it should be swiftly denied. Finally, to avoid rewarding Defendants' dilatory tactics with additional delay, the Court should order Defendants to file their answer within seven days of the Court's order denying the motion to strike and order the parties to submit the joint report described in Section 3(D) of the Court's Standing Order for Civil Cases (Dkt. 7) within seven days of the answer's filing.

### Background

In this FOIA case, Plaintiff Freedom of the Press Foundation seeks disclosure of certain emails involving Homeland Security Secretary Krisi Noem and Attorney General Pam Bondi. *See generally* Compl. Specifically, Plaintiff seeks disclosure of emails they sent or received on or after June 29, 2025, that contain the terms "CNN" and "ICEBlock." *Id.* ¶¶ 13, 15.

Plaintiff filed a five-page Complaint on September 24, 2025, and promptly served the Defendants. *See* Dkt. 1, 4–6. To provide the relevant both context in which the FOIA requests at issue were made and a brief explanation of their subject matter, the Complaint alleges:

> 10.    On June 30, 2025, CNN aired and published news reports about an online app called ICEBlock that, as characterized by the company that launched it, is designed to "empower[] communities to stay informed about ICE presence within a 5-mile radius while maintaining their anonymity through real-time updates and automatic deletion of sightings after four hours." [citing news article and company website]
>
> 11.    The Trump Administration immediately criticized the report. One official told CNN that its report "basically paints a target on federal law enforcement officers' backs." Thomas Homan, a White House official known as the administration's "border czar," characterized the story as "disgusting" and asserting that "DOJ needs to look at this." [citing news article]
>
> 12.    Similarly, on July 1, 2025, DHS Secretary Kristi Noem responded to a question about CNN's ICEBlock report by telling reporters: "We're working with the Department of Justice to see if we can prosecute them for that, because what they're doing is actively encouraging people to avoid law enforcement activities, operations and we're going to actually go after them and prosecute them." [citing news article]

Compl. ¶¶ 10–12.

Due to the government shutdown, which ended effective November 12, 2025, the deadline for Defendants to answer was extended to December 16, 2025. *See, e.g.*, Nov. 13, 2025 Standing Order No. 25-59 (JEB); Defs' Unopposed Mot. for an Extension of Time (Dkt. 8).

Instead of meeting that deadline, Defendants on December 16, 2025, filed an unopposed motion for extension of time because "it appears that [Defendants' counsel] has not

received input from defendant-agencies to" comply with the deadline. *See* Defs' Unopposed Mot. for an Extension of Time (Dkt. 8) at 2. Defendants also asserted that their request for an extension was being "filed in good faith and not for purposes of gaining any unfair advantage through delay." *Id.*

Defendants now seek to obtain that "advantage through delay" of these proceedings by moving to strike the three background paragraphs on the ground that they are allegedly immaterial to this case and, somehow, prejudicial to Defendants. *See* Mot. at 2–3.[1]

## Legal Standard

A defendant moving to strike portions of a pleading under Rule 12(f) must meet a "high standard for prevailing" by demonstrating that the targeted allegations are both "irrelevant" *and* "prejudicial to the defendant." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). Striking allegations is a "drastic remedy," and courts typically see Rule 12(f) motions for what they so often are: "a dilatory tactic" deployed by the moving party. *Makuch v. FBI*, No. CIV.A. 99-1094 RMU, 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000) (quoting 5A Wright & Miller § 1380). For that reason, courts generally hold that "so long as the complaint states a claim and is otherwise legally sufficient, the efforts of the parties and the attention of the court are better spent on the substantive merits of the action rather than the contents of the pleadings." *Id.* (citing 5 Wright & Miller § 1281).

Courts thus "disfavor motions to strike" and "absent a strong reason for doing so, courts will generally not tamper with pleadings." *Aftergood v. CIA*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005) (citation and internal quotation marks omitted).

---

[1] During the attempt to confer about the motion, Defendants declined to share the factual and legal basis for their claim that the allegations are prejudicial. Defendants therefore deprived the parties of the ability to discuss the motion with an eye toward "narrow[ing] the areas of disagreement." *See* LCvR 7(m).

**ARGUMENT**

Defendants' motion to strike should be denied because it falls far short of demonstrating that Paragraphs 10-12 of the Complaint are immaterial and prejudicial.

*First*, those paragraphs allege facts that are relevant to this case. They provide the context in which Plaintiff's submitted their requests, and they offer a glimpse at the public significance of the issues implicated in this case and the requested records at issue. *See* Compl. ¶¶ 10–12. These facts are thus directly material to any future arguments over certain claimed exemptions and a claim for attorney's fees and costs. *See, e.g.*, *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1174–75 (weighing asserted privacy interests protected by Exemption 7(C) against whether and how the "public interest would be furthered through disclosure"); *Reporters Comm. for Freedom of the Press v. FBI*, 3 F. 4th 350, 370 (D.C. Cir. 2021) ("the specific context of the agency action at issue" informs assessment of claimed deliberative-process privilege); *Los Padres ForestWatch v. U.S. Forest Serv.*, 775 F. Supp. 3d 353, 364–65 (D.D.C. 2025) (evaluating plaintiff's entitlement to an award of attorney's fees based on "public benefit derived from the case" and "nature of the plaintiff's interest in the records").

*Second*, even if the background allegations were immaterial (and they are not), Defendants do not seriously claim that they are prejudicial. Instead, Defendants argue only that "it prejudices the defendant to have to respond to allegations that are immaterial." Mot. at 3. But the first of the three paragraphs alleges the existence of a CNN news report about a company's app and quotes the company's characterization of the app's purpose. Compl. ¶ 10. The other two paragraphs convey quotes two members of the administration, including Secretary Noem, gave to press about that news report and their own characterization of the app. *Id.* ¶¶ 11–12. Undertaking the minimal amount of time and effort to respond to these straightforward allegations is hardly prejudicial. Further, Defendants' claim that the DOJ "would never address the existence of an investigation that the Department

has not officially acknowledged," Mot. at 2–3, is not true and,[2] regardless, it is a red herring: responding to the allegations in Paragraphs 10–12 does not at all require the DOJ to "address the existence" of any investigation.

As Defendants implicitly acknowledge, "the complaint states a claim and is otherwise legally sufficient." *See Makuch*, 2000 WL 915767, at *1. The three background paragraphs are material and relevant to this case, and their inclusion in the Complaint is not prejudicial in any real sense of the word. Because "the efforts of the parties and the attention of the court are better spent on the substantive merits of the action," *see id.*, the Court should deny the motion to strike.

## Conclusion

The Court should deny Defendants' motion to strike. And to avoid rewarding Defendants' dilatory tactics with further and undue delay, the Court should order Defendants to file their answer to the Complaint no later than seven days after the Court denies the motion to strike and should order the parties to submit their first joint report within seven days of the answer's filing.

Date: December 23, 2025

/s/ Matthew S.L. Cate
Matthew S.L. Cate (#1720435)
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Freedom of the Press Foundation*

---

[2] *See, e.g.*, Ashley Carnahan, *Attorney General Pam Bondi warns ICEBlock app developer to 'watch out,' says DOJ is 'looking at him,'* FoxNews (July 1, 2025), https://www.foxnews.com/media/attorney-general-pam-bondi-warns-iceblock-app-developer-watch-out-says-doj-looking-him (quoting and providing video footage of Attorney General Bondi saying "[W]e are looking at it, we are looking at him, and he better watch out, because that's not a protected speech.").