UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM OF THE PRESS FOUNDATION,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendant.

Civil Action No. 25-3385 (AHA)

## ANSWER

Defendants the U.S. Department of Homeland Security ("DHS") and Department of Justice ("DOJ") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint filed on September 24, 2025 in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. Pursuant to Rule 8(b), Defendants assert a general denial as to all allegations not specifically admitted.

Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant provides responses to the Complaint as follows:

### INTRODUCTION[1]

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1-2.    The allegations in Paragraphs 1 and 2 consist of Plaintiff's characterization of this action and requested relief brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required.

3.    Defendants deny improperly withholding records. The remaining portion of this paragraph consists of conclusions of law to which no response is required. To the extent that a further response is required, Defendants deny the allegations.

4.    The allegations in Paragraph 4 consists of Plaintiff's request for relief to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any of the relief.

## PARTIES

5.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6.    DHS admits that it is a federal agency as defined by FOIA. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within DHS's possession, to which no response is required .

7.    DOJ admits that it is a federal agency as defined by FOIA. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it alleges are within DOJ's possession, to which no response is required.

## JURISDICTION AND VENUE

8.    The allegations in Paragraph 8 consist of conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

9.    The allegations in Paragraph 9 consist of conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that

venue is proper in this judicial district for a properly stated FOIA claim.

## BACKGROUND

10-12.  The allegations contained in Paragraphs 10-12 consist of Plaintiff's characterization of news reports, to which no response is required. Defendants respectfully refer the Court to the relevant media reports for a complete and accurate statement of their content.

### 1. Request to DHS

13.  DHS admits that Plaintiff submitted a FOIA request dated July 2, 2025. Defendant respectfully refers the Court to the request (attached by Plaintiff and referred to as exhibit 1) for a complete and accurate statement of its contents.

14.  DHS admits that it sent an acknowledgment of the request on July 7, 2025. DHS provided a final response to Plaintiffs on December 11, 2025. DHS respectfully refers the Court to the text of the final response for a full and accurate statement of its contents, and deny all allegations inconsistent therewith.

### 2. Request to DOJ

15.  Defendant admits that DOJ received a FOIA request from Plaintiff dated July 2, 2025. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

16.  Defendant admits it acknowledged receipt of Plaintiff's request on July 7, 2025. Defendant respectfully refers the Court to the acknowledgment attached by Plaintiff and referred to as exhibit 3 as the best evidence of its contents.

## PLAINTIFFS' CLAIM FOR RELIEF

17.  Defendants repeat and re-incorporates their responses to the preceding paragraphs.

18-21.  The allegations in Paragraph 18-21 consist of Plaintiff's legal conclusions, to which

no response is required. To the extent that a further response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any of the relief requested.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

Dated: January 2, 2026
Washington, DC

                                                Respectfully submitted,

                                                STANLEY WOODWARD, Jr.
                                                Associate Attorney General

                                                SEAN GLENDENING
                                                Director, Office of Information Policy

                                                JEANINE FERRIS PIRRO
                                                United States Attorney

                                          By:       */s/ Derrick A. Petit*
                                                Derrick A. Petit, D.C. Bar 144466
                                                Assistant United States Attorney
                                                601 D Street, NW
                                                Washington, DC 20530
                                                (202) 252-7269
                                                Derrick.Petit@usdoj.gov

                                                *Attorneys for the United States of America*