IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM OF THE PRESS FOUNDATION,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendant.

Civil Action No. 25-3385 (AHA)

## THIRD JOINT STATUS REPORT

Pursuant to the Court's February 25, 2026 Minute Order, Plaintiff, Freedom of the Press Foundation, and Defendants the U.S. Department of Homeland Security ("DHS") and Department of Justice ("DOJ") (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

This case concerns Plaintiff's July 2, 2025 Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") requests seeking emails related to a CNN story concerning an app called "ICEBlock" and statements reportedly made by the DHS Secretary regarding that app. *See* Compl. (ECF No. 1) ¶¶ 13,15.  Plaintiff filed this action on September 24, 2025, *see id*. and Defendant filed its answer on January 2, 2026, *see* Answer (ECF No. 12).

**DHS Request.**

DHS reports the following: DHS is currently experiencing a lapse in appropriations which began February 14, 2026.  DHS FOIA employees are furloughed and have not been excepted to work on FOIA litigation. This staff is needed to review and process productions related to FOIA requests in litigation.  For these reasons, DHS is not able to review, process, and release any

responsive records.  The lapse in appropriations has significantly interfered with the operations of DHS. Furthermore, once appropriations are restored, the agencies will some need time to reorganize and then will resume work on this matter.  The agency's orderly return from the shutdown takes time as furloughed staff work through backlogs of emails, voicemails, and tasks, receive direction from management on projects, and triage tasks.  Defendants will have more to report once their lapse in appropriations ends and they have time to coordinate their work after FOIA staff return from furlough.

**DOJ Request.**

DOJ reports the following: On January 12, 2026, Plaintiff requested information regarding the scope and sufficiency of OIP's search for responsive records.  OIP provided information to Plaintiff on January 21, 2026, detailing the parameters of the search.  On January 27, 2026, Plaintiff made another request for additional information regarding OIP's search. OIP provided that additional information to Plaintiff on February 24, 2026.  On March 10, 2026, Plaintiff made another request for additional information regarding OIP's search.  As for Plaintiff's statement below, for over two months, OIP has been diligently working to respond to Plaintiff's iterative requests for additional information about its search, in the spirit of negotiation, and in a good faith effort to work with Plaintiff to resolve any issues that may require briefing.  OIP is currently working internally to gather responses to the second portion of Plaintiff's March 10, 2026 inquiry as related to DOJ's "technical capabilities." This inquiry is new and has not been previously asked directly or yet answered, and OIP will provide those answers to Plaintiff as soon as it is able. Thus, OIP objects to Plaintiff's one-week turnaround request.

However, as to the first portion of Plaintiff's request, Plaintiff has not provided any reason as to why a search of the Attorney General's official email account is insufficient for the purposes of its FOIA request.

Plaintiff states: Since January 27, 2026, Plaintiff has sought answers to two questions: (1) which email account(s) used by the Attorney General have been searched for responsive records and (2) how the DOJ's search accounted for any attachments to emails that may not be text-searchable (*e.g.*, image-only PDFs or password-protected documents). The parties' discussions since January 27 have focused on those two issues, and particularly whether the DOJ can confirm that the Attorney General does not use multiple accounts to conduct agency business (and, if she does use multiple accounts, whether they have been searched) and the technical capabilities of DOJ's e-discovery platform and whether image-only or password-protected attachments have been reviewed. The DOJ has not provided an explanation for why these straightforward questions remain unanswered, and Plaintiff asks that the Court order the DOJ to provide an answer within one week so that the parties can determine whether any issues about the DOJ's search remain in dispute.

**Next Steps**

The Parties continue to confer regarding Defendants' responses to FOIA requests in an effort to narrow or eliminate any issues requiring the Court's intervention and thus propose that they file a joint status report in approximately 45 days, on or before May 10, 2026, to apprise the Court on the status of this case.  Should the parties resolve this case prior to the next deadline, they will promptly notify the Court.

March 25, 2026

<u>/s/ Matthew S.L. Cate</u>
Matthew S.L. Cate (#1720435)
**Law Office of Matthew S.L. Cate**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Freedom of the Press Foundation*

JEANINE FERRIS PIRRO
United States Attorney

<u>/s/ Derrick A. Petit</u>
Derrick A. Petit, D.C. Bar 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1729
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*